# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SAMIR GANIM,

                          Petitioner,

     vs.

TODD BLANCHE, *et al.*,

                   Respondents.

Case No. 2:26-cv-01377-GMN-NJK

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Samir Ganim's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 9).[1] Federal Respondents Todd Blanche and Markwayne Mullin filed Responses, (ECF Nos. 19, 20),[2] to which Petitioner filed Replies, (ECF Nos. 21, 22). Because Petitioner has been detained for over six months following his final order of removal and his removal is not reasonably foreseeable, the Court GRANTS the Amended Petition and orders his immediate release.

## I.    BACKGROUND

Petitioner was born in Jerusalem while it was under Jordanian control. (Am. Pet. 4:13–14, ECF No. 9). In 1966, Petitioner entered the United States at seven years old as a lawful permanent resident under his parents' visas. (*Id.* 4:14–15); (I-213 at 4–5, Ex. A to Fed. Resp., ECF No. 19-1). He has lived in the United States continually since 1966. (Am. Pet. 4:15–16). In 2012, an Immigration Judge ("IJ") ordered Petitioner removed to Jordan due to multiple convictions for "crimes involving moral turpitude." (Fed Resp. 2:26–3:1); (IJ Order, Ex. A to

---

[1] Also pending before the Court is Petitioner's Motion for Temporary Restraining Order ("TRO"), (ECF No. 10). Because the Court grants the relief sought in the Petition, the Court DENIES the Motion for TRO as moot.

[2] Respondent John Mattos filed a separate Response, (ECF No. 17), indicating that he has no independent authority to release Petitioner, and thus takes no position on the relief sought.

Fed. Resp.).  Petitioner was detained for 90 days after his order of removal became final before he was released on an Order of Supervision. (Am. Pet. 4:17–19).[3]

On December 8, 2025, Petitioner was arrested by Las Vegas Metropolitan Police Department and charged with driving under the influence. (I-213 at 2, Ex. A to Fed. Resp.). Petitioner was released into ICE custody the next day, and he has been detained in ICE detention since. (*Id.*).  Petitioner alleges that Jordan declined to accept him in April of this year. (Am. Pet. 4:21–22).  With this Petition, Petitioner challenges the constitutionality of his detention and seeks immediate release.

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

Petitioner argues that his continued detention violates his Fifth Amendment right to due process, and the Immigration and Nationality Act ("INA"), because his removal is not reasonably foreseeable. (Am. Pet. 8:19–10:18).  He further asserts that ICE's failure to comply with its own regulations concerning the re-detention of individuals on orders of supervision

---

[3] Federal Respondents do not contest this assertion in their Response, nor do they provide evidence that Petitioner was not detained immediately after his order of removal became final.

violates his due process rights and the Administrative Procedures Act ("APA").[4] (*Id.* 10:18–12:11).  The Court considers each argument in turn.

### A.    *Zadvydas* Claim

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  The Supreme Court has held that "the Due Process Clause protects [a noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699.

ICE's authority to detain noncitizens under federal law derives from 8 U.S.C § 1231, which directs the Attorney General of the United States to remove any noncitizen from this country within 90 days of a final order of removal. 8 U. S. C. § 1231(a)(1).  The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. § 1231(a)(1)(B).  During the removal period, detention is mandatory. § 1231(a)(2).  Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id.*

Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689, 690.  When a removable noncitizen is

---

[4] Federal Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) and (b)(9) to consider Petitioner's habeas petition.  For the same reasons explained in *Hernandez-Luna v. Noem*, No. 2:25-CV-01818-GMN-EJY, 2025 WL 3102039, at *2 (D. Nev. Nov. 6, 2025) and ECF No. 18 in *Alvarez Guerra v. Blanche*, Case No. 2:26-cv-00498-GMN-MDC, 8 U.S.C. § 1252(g) and (b)(9) do not strip this Court of jurisdiction over Petitioner's Amended Petition.

detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. The Supreme Court adopted a six-month period of presumptive reasonableness after the removal order is final and confirmed that "[a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The Court further determined that "after this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

### 1. Length of Detention

Here, it is undisputed that Petitioner's order of removal became final on May 2, 2012. (IJ Order, Ex. A to Fed. Resp.). Petitioner states, and Federal Respondents do not rebut, that after he was ordered removed, he remained in ICE custody for 90 days after his order of removal became final before he was released on an Order of Supervision. (Am. Pet. 4:17–19). He was re-detained on December 9, 2025, and has remained in detention since. (*Id.* 4:19–20); (I-213 at 2, Ex. A to Fed. Resp.). Thus, Petitioner was originally detained for approximately 90 days and has now been re-detained for an additional period of just under 6 months.

Federal Respondents contend that Petitioner's detention is still within the six-month "presumptively reasonable" period, and therefore they do not have to respond with evidence to rebut a showing that removal is not likely in the reasonably foreseeable future. (Fed. Resp. 10:14–19).[5] But courts interpreting *Zadvydas* have held that "the six-month period does not reset when the government detains [a noncitizen] under 8 U.S.C. § 1231(a), releases him from

---

[5] Federal Respondents further argue that Petitioner was granted a bond hearing where an IJ deemed him a danger to the community. (10:19–20). Because Petitioner's six-month "presumptively reasonable" period of detention lapsed nearly three months ago, this fact has no bearing on the Court's analysis regarding his current detention.

detention, and then re-detains him again." *Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (collecting cases); *see also Siguenza v. Moniz*, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them."). The Court adopts this principle here and finds that Petitioner's cumulative detention exceeds not only the 90-day removal period, but also the six month presumptively reasonable period articulated in *Zadvydas*. Therefore, if Petitioner demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents do not rebut that showing, the Court must order his release. *See Zadvydas*, 533 U.S. at 699–700.

### 2. Likelihood of Removal

Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Federal Respondents fail to respond with evidence sufficient to rebut that showing. Petitioner contends that, although he has complied with ICE's request for assistance obtaining travel documents, Jordan will not accept him. (Am. Pet. 9:21–23). He explicitly contends that Jordan declined to accept him approximately a month before he filed the Amended Petition. (*Id.* 4:21–23). Respondents' inability to effectuate removal in the over 14 years since an IJ issued a final order of removal further supports Petitioner's claim that removal is not significantly likely in the reasonably foreseeable future.

Respondents wholly fail to respond to Petitioner's arguments regarding the reasonable foreseeability of his removal. In fact, they explicitly state that they "attempted to remove Petitioner pursuant to his final order of removal, however, the Petitioner has been denied repatriation to Jordan at this time." (Fed. Resp. 3:1–3). They therefore fail to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future.

In sum, Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Respondents concede this point.  The Court therefore finds Petitioner's continuing detention violates the Due Process Clause of the Fifth Amendment and that he is eligible for relief under *Zadvydas*.  Accordingly, the Court GRANTS ground 1 of the Amended Petition.

## B.     Re-Detention

Petitioner also asserts that ICE failed to comply with its own regulations concerning the re-detention of individuals on orders of supervision. (Am. Pet. 10:19–12:11).  Federal Respondents do not address this ground for relief.

Respondents have the authority to detain noncitizens with final orders of removal to effectuate deportation. *See* 8 U.S.C. § 1231; *Zadvydas*, 533 U.S. at 697.  But when a noncitizen has been released from immigration detention, the revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal.  DHS regulations permit revocation of release if the appropriate official: (1) determines that the noncitizen who has been released under an order of supervision violates any of the conditions of release, *id.* § 241.13(i)(1), or (2) finds "on account of changed circumstances" there is "a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future," *id.* § 241.13(i)(2).  The noncitizen must be notified of the reasons for their revocation and receive "an initial informal interview promptly," during which they will have "an opportunity to respond to the reasons for revocation stated in the notification" and submit evidence in support of their position. *Id.* § 241.13(i)(3).

Here, Petitioner contends that he has not received the initial interview required by regulation, and ICE has not invited him to contest the revocation of his order of supervision or allowed him to provide evidence. (Am. Pet. 11:12–15).  While Federal Respondents provided records regarding Petitioner's requested custody redetermination, and their decision to continue

his detention, they failed to produce any evidence to support a finding that they complied with their own regulations when initially revoking his release.

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Because there is no indication that an informal interview was provided to Petitioner, nor an opportunity for him to respond to the reasons for revocation, the Court finds Petitioner's re-detention is unlawful and he is entitled to release. Thus, the Court GRANTS the relief sought in ground 3 of the Amended Petition.

### C. Requested Relief

Petitioner requests that he be released immediately under the conditions of his prior order of supervision. (Am. Pet. 7–8). The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision. *Zadvydas* explains that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700. It further provides that the noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700. Moreover, when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Because the Court holds that Petitioner's continued detention violates the Fifth Amendment based on the analytical framework provided in *Zadvydas*, the Court finds that Petitioner's release, subject to his original terms of supervision, is warranted. *See Zadvydas*, 533 U.S. at 699–700.

Second, Petitioner requests that the Court prohibit Respondents from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable. For the reasons discussed above, the Court grants this requested relief.

///

## IV.    CONCLUSION

**IT IS HEREBY ORDRED** that Petitioner's Amended Petition for Writ of Habeas Corpus, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order, (ECF No. 10), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner must be released from detention by June 2, 2026, between **12:00 p.m. and 3:00 p.m.** subject to the conditions of his prior order of supervision. *See* 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** that Respondents must return Petitioner's personal property upon his release.

**IT IS FURTHER ORDERED** that Respondents are enjoined from de-detaining Petitioner absent proof of changed circumstances making his removal reasonably foreseeable.

///

///

///

///

///

///

///

///

**IT IS FURTHER ORDERED** that the parties shall file a **JOINT** status report by **June 3, 2026**, to certify compliance with the Court's Order.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.

**DATED** this ___1___ day of June, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court